ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
mwessel@psalaw.net

*Attorneys for Defendant*
*Walmart Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RENEE COURNOYER and JAMES COURNOYER,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC., a Foreign Corporation d/b/a WALMART; DOE PARENT/GUARDIAN 1; DOE MINOR 1; DOES 3 - 10; ROE CORPORATIONS 1 - 10; inclusive,<br><br>Defendants. | Case No.:<br><br>[District Court, Clark County Case No.: **A-20-818140-C,** Dept. No.: XXVII]<br><br>**DEFENDANT WALMART INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**<br><br>**[JURY DEMAND]** |

COMES NOW, Petitioner WALMART INC. (hereinafter "Petitioner"), by and through their counsel of record, the law offices of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submits the following memorandum in support of their Petition for Removal of Jurisdiction to Federal Court:

I.

Petitioners WALMART INC. is currently the only true named Defendant in the above-captioned action.

II.

The above-entitled action was commenced by Plaintiffs RENEE COURNOYER and JAMES COURNOYER (hereinafter "Plaintiffs") on July 17, 2020 in the Eighth Judicial District in and for Clark

County, District of Nevada. Said case is currently pending in that court. Defendant's counsel accepted service of the Summons and Complaint on August 10, 2020. True and correct copies of Plaintiff's operative Complaint and Summons are attached hereto as **Exhibits "A" and "B,"** respectively. After Petitioner filed a timely Answer, Defendant confirmed the total medical specials received in a pre-service demand exceeded the jurisdictional requirement of $75,000.00 in an electronic communication. Plaintiff's counsel responded in the affirmative and stated the total medical specials to date in the above-captioned case are $187,141.96 on August 21, 2020. A true and correct copy of Plaintiffs' Demand Confirmation is attached hereto as **Exhibit "C."**

Plaintiffs' Demand Confirmation of August 21, 2020 is the "first paper" post-service of the Summons and Complaint received by Petitioner from which removability may clearly be ascertained that the amount in controversy in this action exceeds $75,000.00. In her Demand Confirmation, Plaintiff claims she has incurred at least $**187,141.96** in past medical specials as a result of her incident at Walmart Store No. 2884 on July 19, 2018 not including the loss of consortium claim asserted by her husband nor potential future damages. *See* Exh. C.

Based on her alleged past medical specials alone, Plaintiff's damages clearly exceed the $75,000.00 federal threshold. As such, there is no dispute that 28 U.S.C. §1446(b)'s $75,000 amount in controversy requirement is met.

III.

This Petition is timely filed pursuant to 28 U.S.C. § 1446(b).

IV.

This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) and is one which may be removed to this Court by Petitioner, pursuant to 28 U.S.C. § 1441(a).

V.

Petitioner is informed, believes, and thereon alleges that Plaintiff is, and was at the time this action was commenced, a citizen of the State of Nevada.

. . .

. . .

. . .

## VI.

Petitioner is, and was, at the time this action was commenced, Delaware corporations with their principal place of business in the State of Arkansas. As such, Petitioner is a citizen of the State of Delaware and citizen of the State of Arkansas.

## VII.

The above-entitled civil action is for personal and economic damages Plaintiff allegedly incurred after a slip and fall incident at Walmart Store No. 2884 located at 8060 W. Tropical Pkwy., Las Vegas, Nevada (Clark County).

## VIII.

A copy of Petitioner's Petition for Removal of Civil Action, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Summons and Plaintiffs' Complaint, have been deposited with the Deputy Clerk in the County Clerk's office for the Eighth Judicial District Court in and for Clark County, Nevada.

## IX.

True and correct copies of all pleadings and papers served upon Petitioner in the above-entitled action are filed herewith.

## X.

This Petition is filed with the Court within thirty (30) days after Petitioner was served with Plaintiff's Demand Confirmation. Plaintiff's Demand Confirmation was the "first paper" that put Petitioner on notice that Plaintiff's claimed damages clearly exceed the $75,000 federal diversity jurisdiction threshold. Given the amount of her past medical specials (**$187,141.96**) alone, Plaintiff's damages *clearly total over* $75,000. Therefore, Plaintiff's alleged damages meets 28 U.S.C. §1332(b)'s amount in controversy requirement. *See* 28 U.S.C. §1332(a) (2015); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of jurisdiction, relying, in part, on estimated future medical expenses to determine that the amount in controversy exceeded the jurisdictional amount); *see also Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (holding that it was facially apparent from plaintiff's Complaint that claims exceeded $75,000.00 where plaintiff alleged property damage, travel expenses, an emergency ambulance trip, a six-day hospital

stay, pain and suffering, humiliation and a temporary inability to do housework); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was facially apparent that plaintiff's wrongful termination exceeded $75,000.00 based on the lengthy list of compensatory and punitive damages combined with a claim for attorney fees in her Complaint).

As such, it is wholly reasonable that these cumulative claims for damages and diversity of the parties meet the requisite requirements set forth by 28 U.S.C. §1441(b) and 28 U.S.C. §1332.

## PRAYER

WHEREFORE, Defendants prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada, to this Court.

DATED this 28th day of August, 2020.

**PHILLIPS, SPALLAS & ANGSTADT LLC**

*/s/ Megan E. Wessel*

ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
504 South Ninth Street
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Walmart Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2020, I served a true and correct copy of the foregoing, **DEFENDANT WALMART INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**, as follows:

☐ By facsimile addressed to the following counsel of record, at the address listed below:

☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ By Hand Delivery (ROC); and/or

☒ By Electronic Filing/Service Notification to:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| WILLIAM R. BRENSKE, ESQ.<br>Nevada Bar No. 1806<br>JENNIFER R. ANDREEVSKI, ESQ.<br>Nevada Bar No. 9095<br>RYAN D. KRAMETBAUER, ESQ.<br>Nevada Bar No. 12800<br>BRENSKE ANDREEVSKI & KRAMETBAUER<br>3800 Howard Hughes Pkwy., Suite 500<br>Las Vegas, NV 89169<br>mailto:bak@baklawlv.com | Phone: 702-385-3300<br>Fax:    702-385-3823 | Plaintiff |

*/s/ Clarissa Reyes*
_____
An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC

- 5 -