# Exhibit "A"

*Complaint*

Electronically Filed
7/17/2020 12:26 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
WILLIAM R. BRENSKE, ESQ.
Nevada Bar No. 1806
JENNIFER R. ANDREEVSKI, ESQ.
Nevada Bar No. 9095
RYAN D. KRAMETBAUER, ESQ.
Nevada Bar No. 12800
BRENSKE ANDREEVSKI & KRAMETBAUER
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (702) 385-3300
Facsimile: (702) 385-3823
Email:  bak@baklawlv.com
*Attorneys for Plaintiffs*
*Renee and James Cournoyer*

CASE NO: A-20-818140-C
Department 27

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| RENEE COURNOYER and JAMES COURNOYER,<br><br>            Plaintiffs,<br><br>     v.<br><br>WALMART INC., a Foreign Corporation d/b/a WALMART; DOES 1 - 10; ROE CORPORATIONS 1 - 10; inclusive,<br><br>            Defendants. | Case No.:<br>Dept. No.:<br><br>**COMPLAINT**<br><br><br>Date of Hearing: N/A<br>Time of Hearing: N/A |

## JURISDICTIONAL ALLEGATIONS

1.     Plaintiff RENEE COURNOYER is a resident of Clark County, Nevada.

2.     Plaintiff JAMES COURNOYER is a resident of Clark County, Nevada and the husband to Plaintiff RENEE COURNOYER.

3.     Defendant WALMART INC. is a Foreign Corporation d/b/a WALMART (hereinafter "WALMART"), licensed to do business and actually doing business in Clark County, Nevada at all times relevant to this Complaint.

Page 1 of 5

4. Defendants DOES 1 - 5 and ROE CORPORATIONS 1 - 5 are individuals, associations, corporations, partnerships, and/or other entities that are owners, controllers, and/or partners in association with Defendant WALMART and may have in some way caused or contributed to Plaintiffs' damages as alleged herein. The true names and/or capacities of DOES 1 - 5 and ROE CORPORATIONS 1 - 5 are unknown to Plaintiffs. Plaintiffs will ask leave of Court to amend this Complaint to insert the true names and capacities of DOES 1 - 5 and/or ROE CORPORATIONS 1 - 5 when they are ascertained.

5. Defendants DOES 6 - 10 and ROE CORPORATIONS 6 - 10 are individuals, associations, corporations, partnerships, and/or other entities that are owners, controllers, and/or partners that may have in some way caused or contributed to Plaintiffs' damages as alleged herein. The true names and/or capacities of DOES 6 - 10 and ROE CORPORATIONS 6 - 10 are unknown to Plaintiffs. Plaintiffs will ask leave of Court to amend this Complaint to insert the true names and capacities of DOES 6 - 10 and ROE CORPORATIONS 6 - 10 when they are ascertained.

6. Defendants are agents, servants, employees, employers, trade venturers, and/or partners of each other. At the time of the events described in this Complaint, Defendants were acting within the color, purpose and scope of their relationships, and by reason of their relationships, Defendants may be jointly and severally and/or vicariously responsible and liable for the acts and omissions of their Co-Defendants.

**GENERAL ALLEGATIONS**

7. On or about July 19, 2018, Plaintiff RENEE COURNOYER was lawfully on the premises of Defendant WALMART, located near West Tropical Parkway and Centennial Center Boulevard, as a patron of the establishment. As she was making her way through the produce section, Plaintiff RENEE COURNOYER slipped and fell on a foreign obstacle (grape) causing her to suffer injuries.

## FIRST CAUSE OF ACTION
(*Negligence/Negligence per se* – WALMART)

8. Plaintiffs repeat and re-allege Paragraphs 1-9 of this Complaint as though fully set forth herein.

9. It was the duty of Defendant(s) to use ordinary care and diligence to design, build, keep, control, inspect, repair, and maintain the premises in a condition reasonably safe for its intended use and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff and/or present an unreasonable risk of harm to her.

10. The presence of the obstacle (grape) on the floor rendered the area unreasonably dangerous and proximately caused Plaintiff RENEE COURNOYER's damages as alleged herein.

11. Defendant(s) failed to use reasonable care in the design, construction, inspection, maintenance, upkeep, control, repairing, and/or maintenance of the premises, rendering the premises unreasonably dangerous.

12. The unreasonably dangerous condition, under the exercise of reasonable care should have been known to Defendants in adequate time for a reasonably prudent person to warn of, or make safe the condition. Defendants negligently failed and neglected to take any action to warn Plaintiff or to make the condition safe.

13. As a proximate result of the aforementioned negligence of Defendants, Plaintiff RENEE COURNOYER suffered injuries which required, and may continue to require, medical attention and services all to her continuing expense and damage in an amount in excess of $15,000.00.

14. As a further proximate result of the aforementioned negligence of Defendants, Plaintiff RENEE COURNOYER incurred, and may continue to incur, pain, suffering, and anguish all to her general damage in an amount in excess of $15,000.00.

15. As a further proximate result of the aforementioned negligence of Defendants, Plaintiff RENEE COURNOYER suffered, and may continue to suffer, lost wages in an amount in excess of $15,000.00.

16. As a further proximate result of the aforementioned negligence of Defendants Plaintiff RENEE COURNOYER, suffered and may continue to suffer, disability all to her continuing damage in an amount in excess of $15,000.00.

17. As a further and proximate result of the aforementioned negligence of Defendants, Plaintiff RENEE COURNOYER has been forced to hire counsel to prosecute this action and has incurred and will continue to incur attorney's fees and court costs in an amount to be proven at or after trial.

## SECOND CAUSE OF ACTION
(*Vicarious Liability* – WALMART)

18. Plaintiffs repeat and re-allege paragraphs 1 - 17 of this Complaint as though fully set forth herein.

19. On or prior to July 19, 2018, an employee, servant, agent, partner, and/or associate of Defendant(s) maintained the area where Plaintiff was injured.

20. Defendant(s)' employee, servant, agent, partner, and/or associate was acting within the course and scope of his/her employment with his/her co-Defendants at the time of the negligent acts alleged in this Complaint.

21. Because the employee was acting within the course and scope of his/her employment with his co-Defendants at the time of the negligent acts alleged in this Complaint, Defendants are vicariously liable for the negligent actions of the employee, servant, agent, partner, and/or associate.

/ / /

/ / /

### THIRD CAUSE OF ACTION
(*Loss of Consortium*)

22. Plaintiffs repeat and re-allege paragraphs 1- 21 of this Complaint as though fully set forth herein.

23. Plaintiff JAMES COURNOYER is married to Plaintiff RENEE COURNOYER and because of her injuries, JAMES COURNOYER has endured, and continues to endure, the loss of love, affection and society this incident has put on his marriage and is seeking a loss of consortium claim.

**WHEREFORE** Plaintiffs pray for Judgment against Defendants for their First, Second and Third Causes of Action as follows:

1. For special damages in an amount in excess of $15,000.00.

2. For general damages in an amount in excess of $15,000.00.

3. For attorney's fees and litigation costs in an amount to be proven at or after trial.

4. For other such further relief this Court may deem just and proper.

DATED this 17th day of July, 2019.

    */s/ Ryan Krametbauer*
WILLIAM R. BRENSKE, ESQ.
Nevada Bar No. 1806
JENNIFER R. ANDREEVSKI, ESQ.
Nevada Bar No. 9095
RYAN D. KRAMETBAUER, ESQ.
Nevada Bar No. 12800
BRENSKE ANDREEVSKI & KRAMETBAUER
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (702) 385-3300
Facsimile: (702) 385-3823
Email: bak@baklawlv.com
*Attorneys for Plaintiffs*
*Renee and James Cournoyer*